IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RALBERT BROOKS-HAMILTON,

    Plaintiff,

v.

CITY OF OAKLAND, et al.,

    Defendants.

NO. C06-6534 TEH

ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

    Plaintiff Ralbert Brooks-Hamilton filed this action today, October 19, 2006, simultaneously with a "Notice of Motion and Motion for Preliminary and Permanent Injunction." Although Plaintiff's "Notice" contains no hearing date or time, Plaintiff orally requested at the time of filing that the Court place this matter for hearing on its calendar for tomorrow, October 20, 2006. The Court therefore construes Plaintiff's motion and oral request as an ex parte application for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). Having carefully considered the papers submitted in support of Plaintiff's application, the Court now rules as follows:

    A temporary restraining order may issue without notice to the adverse party only if "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Plaintiff has failed to satisfy either requirement. The complaint is not verified, and, with respect to the imminence of irreparable harm, Plaintiff's declaration states only that Defendant City of Oakland attempted to sell his home "[o]n or about August 24, 2006." Brooks-Hamilton Decl. ¶ 7. Plaintiff fails to explain why immediate and irreparable injury

will now result – two months after this attempted sale – before Defendants may be heard in opposition to Plaintiff's request for injunctive relief.[1]  In addition, Plaintiff's counsel has failed to file any declaration, let alone one that explains his efforts to notify Defendants or provide reasons for not requiring such notice.  Plaintiff also failed to provide the Court with a proposed temporary restraining order, as required by Civil Local Rule 65-1(a).  Accordingly, having construed Plaintiff's motion for preliminary injunction and oral request for hearing as an ex parte application for a temporary restraining order, the Court now DENIES such application without prejudice.

If Plaintiff's motion seeks only a preliminary injunction and not a temporary restraining order, then Plaintiff may notice his motion in accordance with Civil Local Rule 7-2(a) or request an order shortening time pursuant to Civil Local Rule 6-1(b).  To the extent that Plaintiff's motion seeks a preliminary injunction without giving notice to Defendants, such motion is DENIED; Federal Rule of Civil Procedure 65(a)(1) explicitly provides that, "No preliminary injunction shall be issued without notice to the adverse party."

**IT IS SO ORDERED.**

Dated:   10/19/06                       /s/ Maxine M. Chesney,   for
                                        THELTON E. HENDERSON, JUDGE
                                        UNITED STATES DISTRICT COURT

---

[1] Moreover, Plaintiff alleges in his complaint that the City filed a foreclosure action "[o]n or about February 2001."  Compl. ¶ 5.  Plaintiff offers no explanation of why a foreclosure is so imminent, over five years later, that a temporary restraining order is required.

2